

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

November 29, 1949

Hon. Paul Worden
Criminal District Attorney
McKinney, Texas

Opinion No. V-952

Re: The applicability of
the "Jury Wheel Law"
to Collin County due
to S.B. No.36, 51st
Legislature, amend-
ing the scope of this
statute.

Dear Sir:

Reference is made to your recent request which reads in part as follows:

"I desire to get your opinion, and the answer, on some questions with reference to the 'Jury Wheel' law:

"Facts: The 51st Legislature, by S.B.No.36 . . . amended Article 2094 . . . whereby the population figure for a county was reduced from 58,000 to 46,000. In addition thereto, the article was further amended by putting in this provision: 'and in each county having two or more district courts holding sessions therein, regardless of population.' The population of Collin County is 47,190, according to 'the last preceding Federal Census,' 1940.

"Collin County does not have but one district court.

"The officers: tax collector, sheriff, county clerk, and district clerk, not knowing this article had been amended so that it might apply to Collin County, if it does, failed to meet between the 1st and 15th of August, 1949, to perform their duties with reference to preparing the jury wheel.

"Questions:

"1. Does this Act, as amended, apply to Collin County?

"2. Would it be legal and proper for
the officers, whose duty it is to fill the
jury wheel, to now meet and perform this act? "

Subsequently you submitted a third question:

"3. If you have answered question No.
1 in the affirmative, then what procedure
should be followed in selecting special
venires in Collin County?"

Senate Bill 36, Acts of the 51st Legislature,
1949, page 868, amending Article 2094, is in part as fol-
lows:

"Between the first and fifteenth days of
August of each year, in each county having a
population of at least forty-six thousand (46,-
000), or having therein a city containing a
population of at least twenty thousand (20,000),
as shown by the last preceding Federal Census,
and in each county having two or more District
Courts holding sessions therein, regardless of
population, the Tax Collector or one of his
deputies, together with the Sheriff or one of
his deputies, and the County Clerk or one of
his deputies, and the District Clerk or one of
his deputies, shall meet at the court house of
their county and select from the list of quali-
fied jurors of such county as shown by the tax
lists in the Tax Assessor's office for the cur-
rent year, the jurors for service in the Dis-
trict and County Courts of such county for
the ensuing year, in the manner hereinafter
provided."

In view of plain, clear, and unambiguous lan-
guage in the above Senate Bill, and the fact that Collin
County has a population in excess of 46,000 according to
the last preceding Federal Census, it is our opinion that
the bill applies to such County.

Statutes which regulate and prescribe the time
in which public officers shall perform specified duties
are generally regarded as directory. The rule is well
stated in 2 Sutherland's Statutory Construction (2d Ed.)
1117, Section 612:

"Provisions regulating the duties of pub-
lic officers and specifying the time for their

performance are in that regard generally directory.  Though a statute directs a thing to be done at a particular time, it does not necessarily follow that it may not be done afterwards.  In other words, as the cases universally hold, a statute specifying a time within which a public officer is to perform an official act regarding the rights and duties of others is directory, unless the nature of the act to be performed, or the phraseology of the statute, is such that the designation of time must be considered as a limitation of the power of the officer."

Again the same author observes, in Section 611, page 1114:

"Those directions which are not of the essence of the thing to be done, but which are given with a view merely to the proper, orderly and prompt conduct of the business, and by the failure to obey the rights of those interested will not be prejudiced, are not commonly to be regarded as mandatory; and if the act is performed, but not in the time or in the precise mode indicated, it will still be sufficient, if that which is done accomplishes the substantial purpose of the statute."

Or, as stated in 39 Texas Jurisprudence 38, Statutes, Section 16, "a statute authorizing or commanding an act to be performed or a thing to be done, a provision as to time is usually regarded as directory; that is, it does not necessarily follow that a thing which a statute directs to be done at a particular time may not be done afterwards.  Nor is it implied that an act, for which an act affirmatively provides, will be ineffectual if it is done at a different time than that prescribed."  City of Uvalde v. Burney, 145 S.W. 311 (Tex.Civ.App. 1912); Federal Crude Oil Co. v. Yount-Lee Oil Co., 122 Tex. 21, 52 S.W.2d 56 (1932); Markowsky v. Newman, 134 Tex. 440, 136 S.W.2d 808 (1940); Thomas v. Groebl, 212 S.W.2d 625 (Tex.Sup.1948).

Also, in 34 Tex. Jur., page 456, we find the following:

"Statutes that regulate and prescribe the time within which officers shall perform speci-

fied duties are ordinarily regarded as merely directory in so far as the time is concerned. Though the officer neglects to act within the time prescribed, if he acts afterwards the public will not be permitted to suffer by the delay."

By virtue of the foregoing we believe that it would be legal and proper for the officers, whose duty it is to fill the Jury Wheel, to now meet and perform this act.

The statutes relating to the selection of a Special Venire in capital cases, Arts. 591 and 592, V.C. C.P., provide as follows:

Art. 591.  "In all counties having a population of at least fifty-eight thousand, or having therein a city of twenty thousand or more population, as shown by the preceding Federal Census, whenever a special venire is ordered, the District Clerk, in the presence of and under the direction of the Judge, shall draw from the wheel containing the names of the jurors the number of names required for such special venire, and prepare a list of such names in the order in which drawn from the wheel, and attach said list to the writ and deliver same to the sheriff. The cards bearing such names shall be sealed in an envelope and kept by said Clerk for distribution, as herein provided. If from the names so drawn, any of the men are impaneled on the jury and serve as many as four days, the cards bearing their names shall be put by the Clerk in the box provided for that purpose, and the cards bearing the names of the men not impaneled shall again be put by the Clerk in the wheel containing the names of eligible jurors."

Art. 592.  "Whenever a special venire is ordered in counties not included within the provisions of the preceding article, the name of each person selected by the jury commissioners to do jury service for the term at which such venire is required shall be placed upon tickets of similar size and color of paper and the tickets placed in a box and well shaken up; and from this box the clerk, in the presence

of the judge, in open court, shall draw the
number of names required for such special
venire, and shall prepare a list of such
names in the order in which they are drawn
from the box, and attach such list to the
writ and deliver the same to the sheriff."

An analysis of the above quoted articles dis-
closes that neither of these specific statutes could be
applicable to Collin County because Article 591 is ap-
plicable to only those counties having a population of
at least 58,000 inhabitants while Article 592 applies to
counties which operate under the jury commission system.
This being true there is no specific provision for the
selection of special venires in Collin County.

In the case of Taylor v. State, 221 S.W. 611
(Tex.Crim.1920), the Court stated:

"It is our opinion that the unrepealed
statutes referred to furnish authority for or-
dering the special venire drawn from the list
prepared by the jury commissioners. If it be
conceded, however, that the repeal of article
647 left no statutory method for selecting
the veniremen, then the method adopted by the
court in exerting its inherent power to ob-
tain a venire was not opposed to any law, and,
it not appearing that it resulted in any in-
jury to appellant, the refusal to quash the
writ, was not in error." (Emphasis added.)

Since there is no specific provision for the
selection of a Special Venire in counties having a popu-
lation between 46,000 and 58,000 and in view of Taylor
v. State, a trial by jury will not fail but the court
may supply the omissions.

In capital cases we believe that as a practi-
cal matter, the provisions of Article 591 as to the se-
lection of Special Venires are best suited to your
county inasmuch as the selection of juries generally is
under the Jury Wheel law. (Art.2094).

## SUMMARY

Senate Bill 36, Acts of the 51st Leg-
islature, page 868, which provides for Jury
Wheels in all counties with a population of

at least 46,000, is applicable to Collin County.

The county officers who are required to perform the duties with reference to preparing the Jury Wheel between the first and fifteenth of August under Article 2094, may now meet and perform such duties, since the time element is directory.  2 Sutherland Statutory Construction (2d Ed.) 1117, Section 612; Federal Crude Oil Co. v. Yount-Lee Oil Co., 122 Tex.21, 52 S.W.2d 56 (1932); 34 Tex. Jur. 456.  Since there is no specific provision for the selection of Special Venires in counties with a population between 46,000 and 58,000 inhabitants, the Court through its inherent powers may proceed in any manner which it may deem best.  Taylor v. State, 221 S.W. 611 (Tex.Crim. 1920).

Yours very truly,

ATTORNEY GENERAL OF TEXAS

BA:bh:mw

By Bruce Allen

Bruce Allen
Assistant

APPROVED

Price Daniel

ATTORNEY GENERAL